THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL IZQUIERDO RIVERA, Defendant and Appellant. SAME *v.* SAME.

Nos. 11,195 and 11,196. Argued February 13, 1946.—Decided April 5, 1946.

*José Veray* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General,* and *J. Rivera Barreras, Acting Prosecuting Attorney (Fiscal),* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The appellant was prosecuted on charges of keeping in his possession a revolver without having registered it and of unlawfuly carrying it.

At the trial The People appeared through the district attorney, but the defendant and his counsel failed to appear. The trial judge asked the marshal whether the defendant had been duly and personally summoned for trial, and the marshal answered in the affirmative, adding that there was record of the fact that the accused had been duly cited. The court thereupon ordered that the proceedings should continue in the absence of the defendant, and, after the trial was held, it rendered judgment finding the defendant guilty of both offenses, and sentenced him to two months' imprisonment in jail in each case.

The defendant-appellant urges that the lower court erred "(1) in deciding, by the sole statement of the marshal, that the defendant had been duly cited; and (2) in sentencing the defendant in both cases without due process of law and denying to him the equal protection of the laws guarantied by the Constitution and the Organic Act, inasmuch as it considered as a proven fact that the defendant

had been personally summoned by the marshal without there having been introduced in evidence a certificate of service executed by that officer to show that the accused had in fact being legally summoned for trial in both cases.''

In his argument under the first assignment, the appellant maintains that the lower court erred because it found, upon the sole unsworn statement of the marshal, that the accused had been duly summoned; and because the district attorney failed to call the marshal as a witness to establish that fact, or to request and obtain an order from the court directing that the citation duly returned by the marshal should be attached to the record of the case in order to prove that the defendant had been cited. In support of his contention, the appellant invokes the decision in *People* v. *Texidor*, 52 P.R.R. 659, wherein, speaking through Mr. Justice Wolf, this court said:

"The only doubt that we have had has been whether the statement contained in the judgment was a true reflection of the fact that the marshal had cited the defendant, but we feel bound to hold that this recital did not show a service in due form. Where citation is issued a marshal ought to make a return of having served the defendant personally. The appellant alleges that only the sureties were served and the record shows that the sureties were notified and brought the defendant to court for sentence. In such a situation the burden is on the Government to exclude any doubt of the due citation of the defendant. If the defendant had been present at the trial voluntarily or by citation, any doubt as to the citation or its sufficiency would be waived.

"The defendant also filed a motion for reconsideration which the court denied."

We have carefully examined the records herein and we fail to find any statement made by the appellant before the lower court or in his brief before this court, denying that he had been duly and personally summoned for trial. His sole contention is that the evidence failed to establish that he had been duly cited. In other words, he does not allege a lack of service of the citation but the insufficiency or lack of

evidence to establish that fact. We fail to see or understand what relevancy could have in these cases the insufficiency or lack of evidence to establish a valid service of the citation on the defendant when he does not deny that he was personally served, and on the contrary his silence on this point carries with it an implied admission of the fact of such service. Therein lies the difference between the present cases and that of *People* v. *Texidor, supra.* In the latter case, as shown by the record thereof, the defendant filed in the lower court a motion for reconsideration stating "that he had at no time been served with notice of the trial, held in the District Court of San Juan on May 15, 1936," and prayed that he be given an opportunity to present his defense. The motion for reconsideration was denied and, consequently, the defendant was precluded from introducing any evidence to support his assertion. Under those circumstances, and also because it appeared from the record of the case that the sureties but not the defendant had been cited, this court held that it was incumbent on the Government to exclude any doubt of the due citation of the defendant. Such circumstances are not present in the cases now before us, since the defendant has not denied that he had been duly cited nor has raised such question by a motion for reconsideration or otherwise, and having failed to do so, he has waived any error relating to the procedure followed. The first error assigned is nonexistent.

In order to sustain the second assignment of error, the appellant reproduces the arguments adduced by him in connection with the first assignment, and he further urges that even though the defendant had been duly served with notice of the trial, the latter could not properly be held without the defendant or his attorney being present, and that in the absence of both of them the court should have designated an attorney to represent the defendant at the trial, in accordance with the Fifth and Sixth Amendments to the Federal Constitution, the second paragraph of § 2 of our Organic Act,

and § 141 of the Code of Civil Procedure. In support of his thesis he cites the decisions in *Johnson* v. *Zerbst,* 304 U.S. 458, and *Ex parte Hernández,* 54 P.R.R. 397.

It is true that the Constitution and the Organic Act grant to an accused in a criminal prosecution the right to be represented by counsel, and that without a previous compliance with that mandate the courts lack jurisdiction to deprive an accused of his life or liberty; but this right may be waived, and it was so acknowledged by this court in *People* v. *Ortiz,* 57 P.R.R. 457, wherein, speaking through Mr. Chief Justice Del Toro, it said:

"The Constitution and the Organic Act acknowledge a right to the defendant. Such a right may be waived, as is acknowledged in the very cases cited by the appellant. If the defendant fails to appear with knowledge that he can be tried in his absence, what other construction can be placed upon his conduct than that of a waiver of his right to be present to confront the witnesses against him, and to have counsel appointed for his defense? None whatever, we think, except that his failure to appear may be involuntary or due to *force majeure,* in which case he may subsequently request the court to relieve him from the judgment and to order the holding of a new trial, it being within the power of the court to grant such request if it is convinced of the truth of the facts alleged in support thereof. Hence, the first error assigned was not committed, either.

The second error assigned was not committed either.

The defendant failed to appear for trial in these cases with knowledge that he could be tried in his absence and, therefore, he waived his constitutional right to be assisted by counsel, and as he has not alleged a just cause for his non-appearance as a ground for the granting of a new trial, the judgments appealed from should be affirmed.